**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| Maria Jewell, Eric Parham,<br>Gordon Graham, and Scott Gosha; | Civil Action |
| Plaintiffs, | Case No. _____ |
| v. | Demand for Jury Trial<br>Yes _x__     No __ |
| Larry Herke, in his official capacity<br>as Commissioner of the Minnesota<br>Department of Veterans Affairs;<br>Keith Ellison, in his official capacity<br>as Attorney General of the State of<br>Minnesota; Timothy Walz,<br>in his official capacity as<br>Governor of the State of<br>Minnesota; | |
| Defendants. | |

## COMPLAINT

### I.     PRELIMINARY STATEMENT

1. Plaintiffs Maria Jewell, Gordon Graham, Eric Parham, and Scott Gosha bring this action against the State of Minnesota under federal preemption and unconstitutionality regarding Minn. Stat. §196.05, subd. 1(12) and Minn. Stat. §197.6091. This state legislation interferes with an exclusive Federally created program and entitlement benefit system that has long been the sole prerogative of the Federal Government. Minnesota now requires all private, fee charging, persons or entities, including all attorneys and accredited agents authorized by the United States Department of Veterans Affairs to prosecute claims in front of the Board of Veterans Appeals, to have potential clients sign "disclosure statements." In addition, Minnesota requires all private, fee charging persons

or entities to use their private money to advertise a local unit of government service that is misleading. This is a violation of commercial speech.

## II. PARTIES

2. Plaintiff Maria Jewell (hereinafter "Jewell") resides in the State of Minnesota.

3. Jewell is a veteran who honorably served in the United States Marine Corps for fifteen years and received an Honorable Discharge.

4. Jewell recently was the victim of an unlawful reduction in her service-connected Disability Compensation by the Veterans Benefits Administration.

5. Jewell utilized the services of a member of the Minnesota Association of County Veterans Services Officers to process her Disability Compensation application and upon information and belief, did not believe her power of attorney could be transferred to another entity without her consent.

6. Unfortunately, once the Veterans Benefits Administration, without proper notice, reduced her benefits, she learned that her power of attorney had been transferred to the American Legion, without any notice.

7. Because her power of attorney had been transferred to a third party, without her knowledge or consent, she immediately sought out and attempted to retain a licensed attorney, accredited by the United States Department of Veterans Affairs, to represent her before the Veterans Benefits Administration.

8. Every accredited attorney with whom she spoke demurred, citing the state laws at issue in this case.

9. Therefore, Jewell was compelled to utilize the American Legion to represent her before the Veterans Benefits Administration, despite desiring to retain counsel of her choice, because of the state laws at issue in this case.

10. Even though, through the efforts of volunteer attorneys, Jewell's benefits were later reinstated by the Veterans Benefits Administration, she experienced damages as further detailed below, and remains fearful that her benefits may again be slashed without proper notice.

11. Jewell's massive reduction in benefits left her unable to pay her rent.

12. Jewell's landlord filed an unlawful detainer action against her in the Dakota County District Court in court file number 19AV-CV-19-3499.

13. Jewell was fortunate to find an attorney who was willing to represent her *pro bono* in the unlawful detainer action.

14. The Minnesota Department of Veterans Affairs gave Jewell a Special Needs Grant to pay her rent.

15. Jewell's landlord dismissed the unlawful detainer action after the State of Minnesota paid the rent.

16. As a result of not being able to access counsel of her choice to represent her before the Veterans Benefits Administration, Jewell's symptoms of post-traumatic stress disorder have increased and interfered with her abilities to attend school and function in society.

17. Due to her increased symptoms of post-traumatic stress disorder, Jewell incurred money damages in canceling a planned exchange program excursion to Panama to teach local children the art of dancing.

18. Plaintiff Gordon Graham (hereinafter "Graham") resides in the State of Washington.

19. Graham is not a licensed attorney in any state.

20. Graham is currently an accredited claims agent with the United States Department of Veterans Affairs which grants him the ability to represent clients nationwide, including the State of Minnesota, in front of that agency.

21. Graham is a nonattorney practitioner admitted to the Court of Appeals for Veterans Claims which has exclusive appellate jurisdiction over final decisions of the Board of Veterans Appeals.

22. Graham runs a website known as "askNOD" through which he teaches about VA law and offers advice for free which sometimes results in his encountering potential clients from Minnesota.

23. Plaintiff Eric Parham (hereinafter "Parham") resides in the State of Minnesota.

24. Parham is a veteran who honorably served in the United States Army for four years and received an Honorable Discharge.

25. Parham believes that he was not rated correctly by the United States Department of Veteran Affairs for a service-connected medical condition.

26. Parham has completed a Notice of Disagreement to appeal his rating decision to the Board of Veteran Appeals, but has heard nothing from the Department of Veterans Affairs.

27. Parham wishes to retain an attorney to represent him in front of the Board for Veteran Appeals due to the Department of Veterans Affairs's slovenly pace in processing forms.

28. Parham contacted an attorney who informed him that he could not represent Parham because he resided in Minnesota and could not ethically make the statements required by

the Minnesota "disclosure form" created under the authority of Minn. Stat. §196.05, subd. 1(12).

29. Plaintiff Scott Gosha (hereinafter "Gosha") resides in the State of Minnesota.

30. Gosha is a veteran who honorably served in the United States Navy for two years and received an Other Than Honorable Discharge.

31. Gosha was represented by the Disabled American Veterans for his initial disability compensation application to the United States Department of Veterans Affairs.

32. Gosha wishes to retain a private nonattorney practitioner or an attorney to help him pursue his VA claim as well as potentially petition for a discharge upgrade.

33. Gosha contacted an attorney who informed him that he could not represent Parham because he resided in Minnesota and could not ethically make the statements required by the Minnesota "disclosure form" created under the authority of Minn. Stat. §196.05, subd. 1(12).

34. Gosha then contacted Plaintiff Graham who advised Gosha that he could not retain Gosha due to his residence in the State of Minnesota and that Graham did not wish to present the "disclosure form" required by Minn. Stat. §197.6091, subd. 3.

35. Defendant Larry Herke is the Commissioner of the Minnesota Department of Veterans Affairs. His primary office is in Saint Paul, Minnesota. He is sued in his official capacity only. Service of process may be made upon the Minnesota Office of the Attorney General, 445 Minnesota Street, St. Paul, MN 55101 in accordance with Minn. R. Civ. P. 4.03(d).

36. Defendant Keith Ellison is the Attorney General of the State of Minnesota. His primary office is in Saint Paul, Minnesota. He is sued in his official capacity only. Service of

process may be made upon the Minnesota Office of the Attorney General, 445 Minnesota Street, St. Paul, MN 55101 in accordance with Minn. R. Civ. P. 4.03(d).

37. Defendant Timothy Walz is the Governor of the State of Minnesota. His primary office is in Saint Paul, Minnesota. He is sued in his official capacity only. Service of process may be made upon the Minnesota Office of the Attorney General, 445 Minnesota Street, St. Paul, MN 55101 in accordance with Minn. R. Civ. P. 4.03(d).

### III. JURISDICTION AND VENUE

38. This Court has jurisdiction of this cause pursuant to 28 U.S.C. §1331, 28 U.S.C. §1346(b), and 28 U.S.C. §2201.

39. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2) as a substantial part of events or omissions giving rise to this claim occurred in this district.

40. Plaintiffs allege that Minnesota Statute §197.6091, and Minnesota Statute §196.05, subdivision 1(12), are preempted, both in field preemption and conflict preemption, by Title 38 of the United States Code thus violating Article VI, clause 2 of the United States Constitution and raising a federal question appropriate for this Court's jurisdiction pursuant to 28 U.S.C. §1331.

41. Plaintiffs allege an infringement on their free speech rights as guaranteed under the First Amendment of the United States Constitution by, among other things, chilling their commercial speech thus raising a federal question appropriate for this Court's jurisdiction pursuant to 28 U.S.C. §1331.

42. Plaintiffs allege a violation of Article I, section 8, clause 3 of the United States Constitution in that the state laws at issue in this case unlawfully prohibit out of state, fee charging, nonattorney practitioners from taking clients in the State of Minnesota while

similarly situated nonattorney practitioners who do not charge a fee are able to take clients in Minnesota thus raising a federal question appropriate for this Court's jurisdiction pursuant to 28 U.S.C. §1331.

43. Plaintiffs allege a violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution in that similarly situated nonattorney practitioners are treated differently by the State of Minnesota without sufficient cause.

44. Plaintiffs seek a declaration that the statutes complained of are unconstitutional and thus are null and void pursuant to 28 U.S.C. §2201.

### IV. FACTUAL ALLEGATIONS

45. On February 15, 2017, Representative Anthony Cornish introduced House File 1209, a bill entitled "A bill for an act relating to military veterans; providing certain disclosure requirements related to veterans benefits services; requiring the commissioner of veterans affairs to develop a disclosure statement; amending Minnesota Statutes 2016, section 196.05, subdivision 1; proposing coding for new law in Minnesota Statutes, chapter 197."

46. On February 20, 2017, Senator Bruce Anderson introduced Senate File 1209, a companion bill to House File 1209, and entitled "A bill for an act relating to military veterans; providing certain disclosure requirements related to veterans benefits services; requiring the commissioner of veterans affairs to develop a disclosure statement; amending Minnesota Statutes 2016, section 196.05, subdivision 1; proposing coding for new law in Minnesota Statutes, chapter 197."

47. On February 20, 2017, the House Veterans Affairs Division held a committee hearing on the bill. https://www.house.leg.state.mn.us/hjvid/90/889805 (last accessed May 7, 2020).

48. Mr. Tom McLaughlin, a member of the Commander's Task Force and the Legislative Chairman of the Minnesota Veterans of the Foreign Wars, appeared at that hearing to testify and stated that "unanimously supported by all the organizations that belong to the Commander's Task Force ….". Upon information and belief, Mr. Tom McLaughlin is not a licensed attorney in the State of Minnesota.

    https://www.house.leg.state.mn.us/hjvid/90/889805 at 3:54 (last accessed May 9, 2020).

49. The Commanders Task Force "is comprised of nine of the largest Congressionally Chartered Veterans Service Organizations which provide claims support and advocacy for Minnesota Veterans and operate as a unified forum in Minnesota to advise, address and support Veteran issues." The Commanders Task Force "works closely with the [MDVA] throughout the year" and, upon information and belief, receives state funding (through either direct monies or in-kind services) to operate.

    https://mn.gov/mdva/blog/#/detail/appId/1/id/407289 (last accessed May 7, 2020).

50. Mr. Michael McLaughlin, the Blue Earth County Veterans Service Officer, testified at that hearing that "the merits I see in this bill isn't so much as a 'hey this is a anti-law firms or anti-lawyer bill', this is more of a public awareness for veterans out there who might not be aware of the services that are already publicly funded through County Veterans Service Officers and through veterans service organizations that do this … service free at no charge." Upon information and belief, Mr. Michael McLaughlin is not a licensed attorney in the State of Minnesota. Additionally, upon information and belief, Mr. McLaughlin was, and remains, a Blue Earth County employee at the time of his testimony pursuant to Minn. Stat. §197.60.

    https://www.house.leg.state.mn.us/hjvid/90/889805 (last accessed May 8, 2020).

8

51. The Minnesota Association of County Veterans Service Officers is eligible to receive a grant of $50,000 per year for various costs, including administrative costs of the association, pursuant to Minn. Stat. §197.608, subd. 6(c).

52. Minnesota provides that "each county is eligible to receive an annual grant of $7,500" for various purposes including outreach to the county's veterans and enhance the operations of the county's veterans service office. Minn. Stat. §197.608, subd. 6(a).

53. Neither HF 1209 nor SF 1209 passed their respective chamber in the 2017 regular legislative session.

54. On May 23, 2017, Minnesota Governor Mark B. Dayton called a Special Session of the Minnesota Legislature for the purpose of funding the Minnesota government.

55. During the Special Session, HF 1209's exact language was inserted into Chapter 4, Article 4, Section 5, of Senate File 1.

56. On May 26, 2017, Senate File 1 passed the Legislature and was presented to the Governor.

57. On May 30, 2017, Governor Mark B. Dayton signed Senate File 1 into law.

58. The language at issue in this case was codified at Minn. Stat. §196.05, subd. 1(12) and Minn. Stat. §197.6091.

59. As required by Minn. Stat. §197.605, subd. 1(12), the Commissioner of the Minnesota Department of Veterans Affairs, on or before August 1, 2017, developed a written disclosure statement, in coordination with the Minnesota Association of County Veteran Service Officers, that contains a disclosure statement and signature line that potential clients must sign. *See* Ex. A.

60. After Defendant Herke promulgated the disclosure statement, Plaintiff Graham decided

not to accept clients from the State of Minnesota.

    a. Graham was approached by a potential Minnesota VA client after the signing of the law at question whom he was forced to deny because of the statutes in question.

    b. Graham still accepts new VA clients from other states.

61. During the 2018 Legislative year, Representative Jeff Howe introduced House File 3387. At the House Veterans Affairs Division hearing on March 19, 2018, Representative Howe explained that this bill was "in response to a bill we passed last year with regards to attorneys that handle veterans disability appeals … I was trying to address the most onerous, what I think, part of the bill … that you have a disclosure form signed by the veteran …." Representative Howe then explained that he would "propose an amendment to the bill that, basically what it would say, is the provisions of this current statute would apply to attorneys and agents not accredited by the United States Department of Veterans Affairs because that would allow the attorneys and agents currently working in this field to not be in conflict with this current statute and Federal Law." https://www.house.leg.state.mn.us/hjvid/90/890435 (last accessed May 8, 2020).

62. Representative John Lesch stated that "Representative Cornish was upset about the story he thought that someone hired an attorney and could have gotten the same thing for free …." https://www.house.leg.state.mn.us/hjvid/90/890435 at 34:11 (last accessed May 9, 2020).

63. Representative Lesch, who is a practicing attorney in the State of Minnesota, stated to the committee hearing that he had "heard from several attorneys, I'm not sure if they were accredited or unaccredited, about how much of a problem this is and if the suggestion

10

was made that I had to, as an attorney, tell someone that they could go down the street and talk to someone who wasn't an attorney for free and get the same advice or service that they could get from me, I'd be pretty insulted."

https://www.house.leg.state.mn.us/hjvid/90/890435 at 34:31 (last accessed May 9, 2020).

64. The Minnesota Department of Veterans Affairs, through its Legislative Director Mr. Benjamin Johnson, opposed Rep. Howe's bill. Specifically, Mr. Johnson stated to the Minnesota Legislature that "it is a form that you acknowledge that you can receive those services, from other providers at no cost" even though those resources are "being paid for by the State of Minnesota, County Veterans Service Officers, and the Federal Government." Available at: http://www.house.leg.state.mn.us/hjvid/90/890435 at 37:53 (last accessed May 7, 2020).

65. Upon being asked by Representative O'Driscoll if the Minnesota Department of Veterans Affaris has a solution, Mr. Johnson stated that "we don't believe that the law precludes attorneys from continuing to practice" despite the preclusive effect of the law. https://www.house.leg.state.mn.us/hjvid/90/890435 at 40:40 (last accessed May 9, 2020).

66. Upon information and belief, it is the Minnesota Association of County Veterans Service Officers' policy to not sign powers of attorney directly with veteran clients. Defendant Minnesota Association of County Veteran Service Officers representatives generally refer potential clients to one of several veterans' organizations such as American Legion, Veterans of Foreign Wars, Disabled American Veterans, Vietnam Veterans of America, American Veterans, and/or Paralyzed Veterans of America. These organizations are typically known as the "Big Six".

67. Veterans Service Organizations use attorneys during the appeals process. For example,

Disabled American Veterans uses the law firm of Chisholm, Chisholm, and Kilpatrick, Ltd., to prosecute certain claims at the Court of Appeals for Veterans Claims. The American Legion and American Veterans use the law firm of Bergmann & Moore, LLC, to prosecute certain claims at the Court of Appeals for Veterans Claims. Additionally, the Vietnam Veterans of America, Paralyzed Veterans of America, and the Military Order of the Purple Heart all have in-house attorneys to prosecute certain claims at the Court of Appeals for Veterans Claims.

68. At the hearing on HF 3884, the Minnesota Association of County Veterans Service Officers, through its Legislative Representative Christopher Hinton, stated that "we are best suited to competently and ethically represent our veterans pursuing their earned benefit entitlements" despite their lack of formal legal training, despite the fact that they are not admitted to practice before the Court of Appeals for Veterans Claims and thus cannot provide complete representation for their clients, and knowing such statement to be false. Available at: http://www.house.leg.state.mn.us/hjvid/90/890435 at 50:18 (last accessed May 9, 2020).

69. The Minnesota Association of County Veterans Service Officers, though its Legislative Representative Christopher Hinton, further stated, in regards to veterans, that "[t]o not mandate for-profit entities to divulge the existence of such a specialized service to serve them, that is paid solely from county tax levies, specifically while those for-profit entities are marketing their services, would not be equitable, or in good conscience, to our veterans" despite receiving other free marketing from governmental entities. Available at: http://www.house.leg.state.mn.us/hjvid/90/890435 at 51:06 (last accessed May 31, 2018).

70. Veterans Service Officers currently receive free advertising from the United States

Department of Veterans Affairs about their services when veterans receive a claim denial and when they visit facilities of the Veterans Health Administration. See Exs. B & C.

71. Many County Veterans Service Offices have billboards advertising their services throughout the State of Minnesota.

72. Plaintiffs, as a result of the Defendants' conduct, have continued to suffer losses to their business by not being able to take Minnesota clients because of the unlawful disclosure requirement.

73. Licensed Minnesota attorneys cannot make misleading statements to potential clients that Veterans Service Officers, as unlicensed laypersons providing legal advice, are capable of representing veterans before the United States Department of Veterans Affairs in at least a competent a manner as they are, thus the disclosure statement chills their speech in that regard. See Minn. R. Prof. Cond. 4.1.

## CAUSES OF ACTION

74. Plaintiffs incorporate and reallege Paragraphs 1-73 of this Complaint as if more fully set forth herein.

75. Defendants' statutes attempt to unlawfully interfere in the attorney-client relationship with VA clients. Such relationships are both field and conflict preempted by Title 38 of the United States Code. The Secretary of the United States Department of Veterans Affairs is granted sole authority, under 38 U.S.C. §511(a), to decide all questions of law and fact necessary to providing veterans benefits. In exercising that authority, and the authority of 38 U.S.C. §5904 regarding agent and attorney accreditation, the Secretary has promulgated 38 C.F.R. §14.629 to provide the appropriate process to recognize attorney and nonattorney practitioners who wish to practice before the United States

Department of Veterans Affairs. He chose not to make a disclosure statement part of the comprehensive regulatory scheme. Therefore, the State of Minnesota cannot require such a statement.

76. Certain plaintiffs have stopped taking clients in Minnesota due to the chilling of their professional and/or commercial free speech rights required by Minn. Stat. §197.6091 in having to make disclosures to potential clients which are not factually accurate and violates their First Amendment rights to freedom of speech.

77. Defendants' attempt to require extra paperwork, pursuant to state law, that is not required or allowed under that scheme violates the exclusive jurisdiction of the Secretary of Veterans Affairs to decide all questions of fact and law necessary to the provision of veterans' benefits and his regulation of the attorney-client relationship in violation to 38 U.S.C. §511 and 38 U.S.C. §5904.

78. Plaintiff Graham, a resident of Washington state, is now regulated, and interfered with, in his federally preempted business with Minnesota residents and such restriction is a violation of the Commerce Clause of the United States Constitution.

79. Plaintiffs are now subject by the Minnesota statutes to provide documentation not federally required or allowed as a part of their fee agreements which violate the Plaintiffs, and their potential clients', freedom of contract as guaranteed under the United States Constitution.

80. Plaintiff Graham, as a nonattorney practitioner, is no longer treated equally with other nonattorneys practicing for a Veterans Service Organization in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

WHEREFORE, Plaintiffs respectfully requests this Honorable Court:

A. Declare that Minn. Stat. §197.6091 is preempted by federal law and is unconstitutional.

B. Declare that Minn. Stat. §196.05, subd. 1(12) is preempted by federal law and is unconstitutional.

C. Permanently enjoin the Defendants from enforcing both Minn. Stat. §197.6091 and Minn Stat. §196.05, subd. 1(12).

D. Award Plaintiffs their reasonable attorney fees and costs from Defendants.

E. Such other and further relief as may be deemed appropriate.

Dated: June 22, 2020

/s/Brian K. Lewis
Brian K. Lewis
MN Atty. Reg. No. 0398886
Attorney for Plaintiffs
Francis White Law, PLLC
8362 Tamarack Village, Suite 119-220
Woodbury, MN 55125
(651) 829-1503
Brian.lewis@franciswhitelaw.com


/s/Francis H. White, III
Francis H. White, III
MN Atty. Reg. No. 0396779
Attorney for Plaintiffs
Francis White Law, PLLC
8362 Tamarack Village, Suite 119-220
Woodbury, MN 55125
(651) 829-1431
Francis.white@franciswhitelaw.com